FILED 2025 JUL 16 AM 10:28 USDC-FLMD-ORL

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**Patricia C. Swanson,**
Plaintiff,
v.
**Central Florida School of Massage Therapy,**
**Lindsey A. Manz,**
**Michael McGillicuddy,**
Defendants.

## COMPLAINT FOR UNPAID WAGES, LIQUIDATED DAMAGES, AND RETALIATION UNDER THE FAIR LABOR STANDARDS ACT (FLSA)

### 1. Jurisdiction and Venue

1. This action arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in the Middle District of Florida because the events giving rise to this claim occurred in Winter Park, Florida.

### 2. Parties

4. Plaintiff, Patricia C. Swanson, is a former employee of Defendant Central Florida School of Massage Therapy, residing in Orange County, Florida.

5. Defendant Central Florida School of Massage Therapy (CFSMT) is a Florida business located at 450 N. Lakemont Avenue, Suite A, Winter Park, FL 32792.

6. Defendant Lindsey A. Manz is an individual who, at all relevant times, acted as payroll administrator and supervisor at CFSMT with operational control over Plaintiff's employment, including: (a) supervising Plaintiff's daily work activities; (b) controlling and scheduling Plaintiff's work hours and overtime;

(c) administering payroll and Tracking hours; (d) maintaining employment records; and (e) making decisions affecting Plaintiff's terms and conditions of employment. She resides at 4213 Watermill Ave, Orlando, FL 32817-1378.

7. Defendant Michael McGillicuddy is the owner of CFSMT with operational control over the enterprise, including: (a) ultimate authority over employment policies and practices; (b) control over payroll systems and wage determinations; (c) supervision of managers and administrative staff; (d) authority over work scheduling and overtime assignments; (e) control over company finances and operations; and (f) responsibility for FLSA compliance. He resides at 1850 Edwin Blvd, Winter Park, FL 32789-3963.

**3. Factual Allegations**

8. Plaintiff was employed by CFSMT from February 4, 2019 through May 8, 2025 as a non-exempt hourly employee.

9. Plaintiff was classified as a non-exempt hourly employee, had no supervisory duties, no authority to hire or fire employees, and earned below the minimum salary threshold for any FLSA exemption.

10. From June 2023 to March 2025, Plaintiff regularly worked in excess of 40 hours per week and was not paid lawful overtime wages.

11. Plaintiff's regular hourly rate varied during employment: $12.00/hour (2023), $13.00/hour (2024), and $15.00/hour (2025), requiring overtime rates of $18.00, $19.50, and $22.50 respectively for hours over 40 per week.

12. During representative workweeks, Plaintiff worked the following hours and was denied proper overtime pay:

- Week of March 6, 2023: 81 hours, owed $6.50 in overtime wages
- Week of June 10, 2024: 95.5 hours, owed $100.75 in overtime wages
- Week of September 16, 2024: 83.25 hours, owed $24.38 in overtime wages
- Week of March 17, 2025: 86.5 hours, owed $48.75 in overtime wages

This pattern of violations occurred in substantially all pay periods from June 2023 through March 2025, totaling 225.25 hours of unpaid overtime across 34 pay periods.

13. Instead of time-and-a-half pay, Plaintiff was paid straight time and sometimes offered "comp time", a practice which is illegal for private sector

employees under 29 U.S.C. § 207(o).

14. Based on systematic analysis of all pay periods, Plaintiff is owed $1,597.25 in unpaid overtime wages, plus an equal amount in liquidated damages under 29 U.S.C. § 216(b), for a total of $3,194.50.

15. After Plaintiff raised concerns about unpaid wages to Lindsey Manz, she was removed from receiving further overtime shifts.

16. This reduction in hours was direct retaliation for asserting her rights under the FLSA, in violation of 29 U.S.C. § 215(a)(3).

17. Plaintiff repeatedly raised health and safety concerns to Defendants, including the presence of visible mold, which was ignored by both Lindsey Manz and Michael McGillicuddy.

18. On May 4, 2025, a person fell down the stairs and bled on the floor. OSHA requirements were cited by staff, but the blood was not cleaned until the end of May, despite warnings.

19. These failures contributed to an unsafe, unsanitary work environment.

20. Additionally, McGillicuddy instructed Plaintiff to make unauthorized copies of a copyrighted textbook for a personal sports internship class.

21. Plaintiff warned him this was illegal; he told her to do it anyway.

22. After Plaintiff sent a formal demand letter, Defendants issued a written response including false claims that:

• Plaintiff worked unauthorized hours (contradicted by her visible role in operations and Mr. McGillicuddy's presence. All of her hours were tracked by Lindsey Manz).

• Plaintiff was a "vexatious litigant" and referenced her unrelated divorce proceedings, threatening to pursue judicial review as a means of intimidation and retaliation for asserting her legal rights under the FLSA.

23. The letter was unsigned and appeared to be authored by Lindsey Manz — the very individual Plaintiff had reported for retaliation — creating a conflict of interest.

## 4. Claims for Relief

**Count I – Unpaid Overtime** (FLSA, 29 U.S.C. § 207)

24. Plaintiff regularly worked over 40 hours per week without receiving lawful overtime pay.

25. Defendants willfully failed to pay the required rate of 1.5× for overtime hours.
26. Plaintiff is entitled to unpaid wages, liquidated damages, and legal costs under 29 U.S.C. § 216(b).

**<u>Count II – Retaliation</u>** (FLSA, 29 U.S.C. § 215(a)(3))
27. Plaintiff engaged in protected activity by reporting wage violations.
28. Defendants retaliated by:
- Cutting her hours,
- Creating a hostile work environment,
- Making personal threats involving unrelated legal matters,
- Issuing false and defamatory statements in response to her formal demand.

29. Plaintiff is entitled to back pay, compensatory and punitive damages, and any other relief this Court deems just and proper.

**<u>5. Relief Requested</u>**

WHEREFORE, Plaintiff respectfully requests that this Court:
- Award unpaid wages in the amount of $1,597.25
- Award liquidated damages in the amount of $1,597.25
- Award compensatory and punitive damages for retaliation
- Award reasonable attorney fees and costs
- Award pre- and post-judgment interest
- Grant such other relief as this Court deems just and proper

Respectfully submitted,
/s/ Patricia C. Swanson

Patricia C. Swanson
8223 Alveron Avenue
Orlando, Florida 32817
swanson.2017dr16803@gmail.com
407-463-4466