# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PATRICIA C. SWANSON,**

       **Plaintiff,**

v.                                                            Case No: 6:25-cv-1322-CEM-DCI

**CENTRAL FLORIDA SCHOOL OF
MASSAGE THERAPY, LINDSEY
MANZ, MICHAEL MCGILLICUDDY,**

       **Defendants.**

_____/

## ORDER

    Patricia Swanson (Plaintiff), proceeding *pro se,* initiated this case against Defendants pursuant to the Fair Labor Standards Act (FLSA).  Doc. 1.  Two motions are currently pending before the Court: 1) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2, the IFP Motion); and 2) Plaintiff's Motion for Leave to File Electronically (Doc. 9, the ECF Motion).  As will be explained, the Motions are due to be **DENIED**.

    Upon review of the IFP Motion, the Court cannot determine Plaintiff's eligibility to proceed as a pauper.  An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  But proceeding *in forma pauperis* is "a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court."  *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).  "Prior to authorizing a party to proceed *in forma pauperis*, the court must determine if the financial affidavit proffered satisfies the requirement of poverty."  *Aguilar-Sansone v. Comm'r of Soc. Sec.*, 2020 WL 13568684, at *1 (M.D. Fla. Feb. 3, 2020) (citing *Thomas v. Sec'y of Dept. of*

*Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009)). "To that end, a court must compare the applicant's assets and liabilities in order to determine whether she has satisfied the poverty requirement."

Plaintiff has completed the "Income Source" table in a way that creates some confusion regarding Plaintiff's income level. Question one in the Long Form pertains to an applicant's monthly income and instructs applicants to "Adjust any amount that was received weekly, biweekly, quarterly, semiannually or annually to show the monthly rate." Doc. 2 at 1. Plaintiff represents that her monthly income from "Employment" is $18,706.25, her monthly income from "Self-Employment" is $5,280.00, and her monthly income from "Alimony" is $1,000. *Id.* These amounts total an annual income of $299,835, which would preclude Plaintiff from proceeding *in forma* pauperis. *See Kidd v. Comm'r of Soc. Sec.*, 2018 WL 7507683, at *1 (M.D. Fla. May 23, 2018) (finding that "under no reasonable standard" could the plaintiff be considered a pauper where income doubled the Federal Poverty Guideline). The undersigned acknowledges that Plaintiff may have completed the income table using her annual income—rather than monthly—nevertheless, the Court cannot find that a Plaintiff is a pauper if their Long Form application reflects a monthly income of $24,986.25. Accordingly, the IFP Motion is due to be denied without prejudice.

Turning to the ECF Motion, effective August 1, 2025, litigants without lawyers in the Middle District of Florida are not permitted to submit filings through the Court's web portal and must submit filings in person, by U.S. Mail, or by other delivery service. www.flmd.uscourts.gov/litigants-without-lawyers.[1] As such, Plaintiff is not entitled to relief.

---

[1] "Previously, the Court operated a web portal that allowed *pro se* litigants to file documents electronically. That service has now ended." *Gillespie v. Wilcox*, 2025 U.S. Dist. LEXIS, at *2 (M.D. Fla. Aug. 11, 2025).

With respect to CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." Admin. Proc. for Elec. Filing § B (August 1, 2025). And "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *See Huminski v. Vermont*, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access."); *see also Gerow v. Blackwell*, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted).

In this instance, Plaintiff has not shown any extenuating circumstances or good cause to authorize her access to CM/ECF. Plaintiff represents that she requires CM/ECF access "Due to ongoing financial hardship, including repeated transportation and parking costs[.]" Doc. 9 at 1. But Plaintiff has filed several documents in person without CM/ECF access, and Plaintiff may file documents via U.S. Mail if parking and transportation for in-person filing is cost prohibitive. Accordingly, the Court is not persuaded that CM/ECF access is necessary for her to litigate this matter. Overall, the Court finds that Plaintiff has not met her burden and, therefore, relief is not warranted.

Accordingly, it is **ORDERED** that the Motions (Docs. 2 and 9) are **DENIED without prejudice**.

On or before October 3, 2025, Plaintiff must pay the filing fee or file renewed applications to proceed in district court without prepaying fees or costs. Failure to pay the filing fee or file a

renewed application within the time provided may result in the dismissal of this case without further notice case for a failure to prosecute.

    Ordered in Orlando, Florida on September 16, 2025.

                                          DANIEL C. IRICK
                                          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Unrepresented Parties